ON APPLICATION FOR REHEARING
MILLER, Judge.
The Department of Highways did not apply for rehearing. I would grant landowner’s application to reconsider our reduction of the $11,674.25 award to $2,500.00 for his trees, plants, shrubs and flowers. We were reluctant to reduce the award, but were constrained to do so by the jurisprudential interpretation of “just and adequate compensation” as meaning “market value” at the time of taking. State, Department of Highways v. Vermillion Development Company, Inc. et al., 258 La. 1159, 249 So.2d 167 (1971); State, Department of Highways v. Wolfe, 252 So.2d 483 (La.App. 3 Cir. 1971).
It was established beyond doubt that landowner’s plantings which were essen *566 tial to his business were worth the $11,674.-25 awarded by the trial court. The difficulty from landowner’s point of view is that these plantings increased the “market value” of the taken property by only $2,500.00. We are confronted with precisely the problem considered in Orleans Parish School Board v. Montegut, 255 So.2d 613 (La.App. 4 Cir. 1971). It was there held that
“Fundamental, in our view, is the recognition that market value of property taken is only utilized as a means of deciding ‘just and adequate compensation’. Market value is not the constitutional objective and requirement; just compensation is.” 255 So.2d at 615.
It was noted that in certain situations there is simply no market for improvements, and in these situations value indicators such as replacement cost could properly be used to arrive at a measure of just and adequate compensation.
I would apply the just compensation rule expressed in Montegut and would affirm the trial court’s award of $11,674.25 for these improvements.